[No. 565.　Decided January 15, 1890.

CORAL H. DANFORTH v. J. WILSON PAXTON.

*Appeal from District Court, Pierce County.*

Appellant brought suit against appellee to secure cancellation of the record of a deed, wrongfully procured from the custody of a person holding same in escrow, and praying that the appellee be compelled to again place the deed in escrow. Appellee filed a demurrer, which was overruled, and a decree, prepared by appellee, was entered in favor of appellant. Thereafter, during the same term, appellant moved that the decree in his favor be set aside and vacated. This motion was denied, the court, however, modifying the language of the decree, of its own motion, and over the protest and objections of appellant. From the order denying said motion to vacate the decree, appellant brings this appeal.

*Lewis Cass Branson* and *W. H. Pritchard,* for appellant.
*John Arthur,* for appellee.

ANDERS, C. J. — For the reasons stated in the opinion of this court in the case of *Lilienthal v. Wright, ante,* p. 1, the appeal herein is dismissed.

SCOTT, STILES and HOYT, JJ., concur.
DUNBAR, J., not sitting.

---

[No. 615.　Decided January 22, 1890.]

SAMUEL J. BURNS v. JAMES J. CONNER.

JUDGMENT — REVIVAL — LIMITATIONS.

The proceeding prescribed by Code Wash. T., ch. 29, to revive the lien of a judgment, is not the commencement of an action; nor do the provisions of § 27 of the code, limiting to six years the time within which an action may be commenced upon a judgment or decree, apply to judgments rendered by the courts of this state.

